[Crim. No. 337.   First Appellate District.—November 9, 1911.]

# THE PEOPLE, Respondent, v. ARTHUR R. HAROLD, Appellant.

CRIMINAL LAW—GRAND LARCENY—SUPPORT OF VERDICT—PROCUREMENT OF MONEY BY FRAUD—INTENT TO STEAL.—Upon a prosecution for grand larceny, a verdict of guilty as charged is supported by evidence showing that the defendant, by means of fraud and trick, arranged with a third party as co-conspirator, to induce the prosecuting witness to part with $145 ostensibly to pay for films from such third party, which were of little or no value, which money was procured by defendant with intent to steal the same, and to deliver a part thereof to such co-conspirator and keep the residue. Such evidence shows the crime of grand larceny, and not that of obtaining money by false pretenses.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

P. M. Walsh, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HALL, J.—This is an appeal from a judgment and order denying defendant's motion for a new trial.

Defendant was convicted upon a charge of grand larceny for the stealing of $145 from one W. H. Ranes.

The only point urged for a reversal is that the evidence establishes a case of obtaining money by false pretenses rather than a case of larceny.

There is no merit in appellant's contention. The evidence shows that through the fraud, trick and device of defendant the prosecutor was induced to agree to purchase from one Davidson certain moving picture films of little or no value for $150.   The prosecutor went with appellant to a room occupied by said Davidson to complete the purchase, and there the prosecutor handed to appellant the sum of $145 to be paid to Davidson for the films.   Appellant handed some of the money

to Davidson, but put the balance, probably half of it, in his own pocket. The evidence justifies the conclusion that appellant and Davidson were fellow-conspirators operating together to fleece the prosecutor out of his money, and that when appellant obtained and received the money from the prosecutor he intended to feloniously steal the same. The claim of appellant that title passed when the prosecutor handed the money to appellant is based principally upon the answer made by the prosecutor to a question put to him upon cross-examination. He was asked, "You intended at the time you transferred this one hundred and forty-five dollars to transfer the money to Davidson in payment of the films, didn't you?" to which he answered "Yes."

Undoubtedly such was his general intention, that is, he intended that title to the money should be finally transferred to Davidson; but the answer must be understood in the light of the circumstances shown to exist by the whole record. The prosecutor was not buying films from appellant, and handed the money to appellant only that appellant might hand the same to Davidson in payment for the films which the prosecutor had agreed to buy from Davidson. Appellant purported to be acting with and for the prosecutor. So long as the money remained in the hands of appellant it was the money of the prosecutor. There is no pretense that the evidence shows that the prosecutor intended to transfer title to the money to appellant. The evidence shows without doubt that appellant intended when he obtained possession of the money to steal it, and accomplished his purpose.

The facts in this case are entirely similar to the facts in *People* v. *Arnold, ante,* p. 68, [118 Pac. 729], and *People* v. *Delbos,* 146 Cal. 737, [81 Pac. 131], where it was held that convictions for grand larceny were sustained by the evidence.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.