[Crim. No. 180.   Third Appellate District.—June 17, 1912.]

## THE PEOPLE, Respondent, v. MANUEL SCHENONE, Appellant.

CRIMINAL LAW—GRAND LARCENY—DISTINCTION FROM OBTAINING MONEY BY FALSE PRETENSES—PROPER INSTRUCTIONS—POSSESSION AND TITLE.—In a prosecution for grand larceny, where the defendant claimed that the offense was that of obtaining money by false pretenses, the court properly instructed the jury that: "The distinction which the law makes between larceny and obtaining money by false pretenses turns on the question of title. If, when the taking is consummated by the use of trick, artifice or device, the complaining witness, being deceived by the acts or representations of the defendant, parts not only with the possession but also with the title to his property, the offense is that of obtaining money by false pretenses; but if the complaining witness only parted with the possession of his property, and not with the title, the offense is larceny."

ID.—BURDEN OF PROOF AS TO OFFENSE CHARGED—ACQUITTAL.—The court also properly instructed the jury that, "The burden is upon the prosecution in this case to prove the offense charged, and if the prosecution fails to prove the crime of larceny, even though the evidence may tend to prove some other offense, you must find the defendant not guilty."

ID.—CORRECTNESS OF INSTRUCTIONS GIVEN—REQUESTS PROPERLY REFUSED.—It is held that the jury were fully and correctly instructed upon every phase of the case necessary for their enlightenment, and that no error was committed in refusing certain instructions proposed by the defendant.

ID.—VERDICT OF CONVICTION OF GRAND LARCENY SUPPORTED BY EVIDENCE. It is held that the verdict of conviction of the crime of grand larceny by the defendant finds sufficient support in the evidence, and that it was a reasonable inference from all the facts, as implied in the verdict, that the complaining witness did not intend, at the

time of the transaction, to vest in the defendant the title to the money in question, and that it was the defendant's purpose at all times to obtain the possession of the money by trick and device, and afterward to appropriate it to his own use.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Webster & Webster, and S. N. Blewett, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

BURNETT, J.—The defendant, having been convicted of grand larceny, appeals from the judgment and the order denying his motion for a new trial.

The principal contentions of appellant are that the court erred in the matter of instructions and that the defendant was entitled to an acquittal, for the reason that the offense, if any, was that of obtaining money by false pretenses instead of grand larceny.

Appellant concedes that "It would be very difficult for us to point out the specific particulars wherein the instructions prejudice the substantial rights of the defendant." As might be expected from this statement, we find no less difficulty in the premises. The point to which special attention is directed, that is, the importance of instructing the jury clearly in reference to the distinction between these two different offenses received due consideration from the court. For instance, it was declared: "The distinction which the law makes between larceny and obtaining money by false pretenses turns on the question of title. If, when the taking is consummated by the use of trick, artifice or device, the complaining witness, being deceived by the acts or representations of the defendant, parts not only with the possession, but also with the title to his property, the offense is that of obtaining property by false pretenses; but if the complaining witness only parted, and intended only to part, with the possession of his property, and not with the title, the offense is larceny." This proposition

was somewhat elaborated in other instructions, and the jury were expressly charged that ''The burden is upon the prosecution in this case to prove the offense charged, and if the prosecution fails to prove that the defendant committed the crime of larceny, even though the evidence may tend to prove some other offense, you must find the defendant not guilty, and if you believe from the evidence that at the time the complaining witness, G. Saloni, parted with the possession of the $137, he also at the same time parted with the title to the same, although the same was induced by fraud, misrepresentation or artifice on the part of the defendant, nevertheless I instruct you to acquit the defendant.'' Indeed, the jury were fully and correctly instructed upon every phase of the case necessary for their enlightenment, and no error was committed in refusing certain instructions proposed by the defendant.

It is equally clear that the verdict finds support in the evidence. It was a reasonable inference from all the facts, as implied in the verdict, that the complaining witness did not intend, at the time of the transaction, to vest in the defendant the title to the money in question, and that it was the defendant's purpose at all times to obtain possession of the money by trick and device and afterward appropriate it to his own use. The money was intrusted to the defendant with the understanding that he and his confederate, one Ballo, were each to contribute a like amount to the common fund to be used for the advantage of all. It is probably unnecessary to add that neither the defendant nor Ballo contributed anything to the common enterprise, and until they did so the title to the money remained in the prosecuting witness and was the subject of larceny. The principle governing such cases is fully discussed in *People* v. *Delbos,* 146 Cal. 737, [81 Pac. 131], and *People* v. *Arnold,* 17 Cal. App. 68, [118 Pac. 729], and we deem it unnecessary to add to what is therein stated.

The case here, in brief, is that of a slick swindler who, by means of cajolery, misrepresentations and dalliance with an easy victim's weakness for liquor, secured, with the fraudulent intent of appropriating to his own use, the money of the prosecuting witness, the latter consenting to the change in its possession for a certain purpose that was never consummated and never intended by the defendant to be consummated. The proof of guilt is entirely satisfactory, and the record should

not be examined with a microscope to discover abstract error. The fact is, though, that the defendant was legally and fairly tried, and the judgment and order are affirmed.

Hart, J., and Chipman, P. J., concurred.