[No. 11667.  Department One.  March 26, 1914.]

THE STATE OF WASHINGTON, on the Relation of Springfield Investment Company et al., Petitioners, v. THE SUPERIOR COURT FOR SKAGIT COUNTY, et al., Respondents.[1]

EMINENT DOMAIN—CONDEMNATION—PARTIES ENTITLED — INDIVIDUALS.  The exercise of the right of eminent domain has not been conferred upon individuals; hence a condemnation proceeding by a corporation is unwarranted, where it appears that the corporation was formed by a private partnership which was engaged in purchasing lands for a power plant, pursuant to a contract with a broker employed to buy the land, whereby the copartnership agreed to form the corporation for the purpose of condemning lands if all the required lands could not be purchased reasonably, the award and costs in the condemnation proceedings to be deducted by the broker from the agreed-upon purchase price; it also appearing that the stockholders in the corporation thus formed were all identified with the copartnership and that the capital stock was but $25,000, while the power plant was to cost $2,000,000; since all the facts show want of good faith and intent to condemn lands to be conveyed to the copartnership.

Certiorari to review a judgment of the superior court for Skagit county, Houser, J., entered October 15, 1913, adjudging a public use in condemnation proceedings.  Reversed.

Kerr & McCord, for relators, contended, among other things, that the appropriation was not shown to be in good faith for a public use. New Orleans Terminal Co. v. Teller, 113 La. 733, 37 South. 624; In re Metropolitan Transit Co.,

[1]Reported in 139 Pac. 601.

111 N. Y. 588, 19 N. E. 645; *Pittsburg, W. & K. R. Co. v. Benwood Iron Works*, 31 W. Va. 710, 8 S. E. 453, 2 L. R. A. 680; *In re Brooklyn, W. & N. R. Co.*, 72 N. Y. 245; *In re Niagara Falls & Whirlpool R. Co.*, 108 N. Y. 375, 15 N. E. 429; *Weidenfeld v. Sugar Run R. Co.*, 48 Fed. 615; *Matter of Deansville Cemetery Ass'n*, 66 N. Y. 569, 23 Am. Rep. 86; *In re Staten Island R. Tr. Co.*, 103 N. Y. 251, 8 N. E. 548; *Denver R. L. & C. Co. v. Union Pac. R. Co.*, 34 Fed. 386; *Bridwell v. Gate City Terminal Co.*, 127 Ga. 520, 56 S. E. 624, 10 L. R. A. (N. S.) 909; *Farist Steel Co. v. City of Bridgeport*, 60 Conn. 278, 22 Atl. 561, 13 L. R. A. 590.

*Thomas Smith, Newman & Kindall*, and *Clinton W. Howard*, for respondents, contended, *inter alia*, that respondent is a corporation with power of eminent domain. *State ex rel. Harlan v. Centralia-Chehalis Elec. R. & P. Co.*, 42 Wash. 632, 85 Pac. 344, 7 L. R. A. (N. S.) 198; *State ex rel. Harris v. Superior Court*, 42 Wash. 660, 85 Pac. 666, 5 L. R. A. (N. S.) 672; *State ex rel. Harris v. Olympia L. & P. Co.*, 46 Wash. 511, 90 Pac. 656; *State ex rel. Dominick v. Superior Court*, 52 Wash. 196, 100 Pac. 317, 21 L. R. A. (N. S.) 448; *State ex rel Lyle Light, Power & Water Co. v. Superior Court*, 70 Wash. 486, 127 Pac. 104; *Postal Tel. Cable Co. of Utah v. Oregon S. L. R. Co.*, 23 Utah. 474, 65 Pac. 735, 90 Am. St. 705; *Postal Tel. Cable Co. v. Oregon Short Line R. Co.*, 104 Fed. 623. Respondent is exercising the power of eminent domain for a lawful purpose in a lawful manner. 15 Cyc. 631; *Tacoma v. Nisqually Power Co.*, 57 Wash. 420, 107 Pac. 199; *State ex rel. Lyle Light, Power & Water Co. v. Superior Court, supra*. That a "reasonable necessity" is the test to be applied, see the following cases: *Samish River Boom Co. v. Union Boom Co.*, 32 Wash. 586, 73 Pac. 670; *State ex rel. Jones v. Superior Court,* 44 Wash. 476, 87 Pac. 521; *State ex rel. Kent Lumber Co. v. Superior Court*, 46 Wash. 516, 90 Pac. 663; *State ex rel. Skamania Boom Co. v. Superior*

*Court,* 47. Wash. 166, 91 Pac. 637; *State ex rel. Milwaukee Terminal R. Co. v. Superior Court,* 54 Wash. 365, 103 Pac. 469, 104 Pac. 175; *North Coast R. Co. v. Northern Pac. R. Co.,* 48 Wash. 529, 94 Pac. 112. There is no danger that the property condemned will be applied to uses foreign to the purposes for which it is condemned. *State ex rel. Harlan v. Centralia-Chehalis Elec. R. & P. Co., State ex rel. Harris v. Olympia L. & P. Co., State ex rel. Dominick v. Superior Court,* and *State ex rel. Lyle Light, Power & Water Co. v. Superior Court, supra; State ex rel. Weyerhaeuser v. Superior Court,* 71 Wash. 84, 127 Pac. 591; *Neitzel v. Spokane International R. Co.,* 65 Wash. 100, 117 Pac. 864, 36 L. R. A. (N. S.) 522. Courts will not concern themselves with the method of financing such projects; it is immaterial that private interests are furnishing financial aid. *Zircle v. Southern R. Co.,* 102 Va. 17, 45 S. E. 802, 102 Am. St. 805; *Hairston v. Danville & W. R. Co.,* 208 U. S. 598; *Chicago & N. W. R. Co. v. Morehouse,* 112 Wis. 1, 87 N. W. 849, 88 Am. St. 918, 56 L. R. A. 240; *Union Lime Co. v. Railroad Commission of Wisconsin,* 144 Wis. 523, 129 N. W. 605; *Riley v. Louisville, H. & St. L. R. Co.,* 142 Ky. 67, 133 S. W. 971, Ann. Cas. 1912 D. 230, 35 L. R. A. (N. S.) 636; *Spokane v. Thompson,* 69 Wash. 650, 126 Pac. 47; *State ex rel. Lyle Light, Power & Water Co. v. Superior Court, supra.* The test of public use and necessity is determined by the right of the public to use the railroad, or obtain indiscriminate service from the public service corporation. *State ex rel. Dominick v. Superior Court, supra; State ex rel. Ami Co. v. Superior Court,* 42 Wash. 675, 85 Pac. 669; *Bridal Veil Lumbering Co. v. Johnson,* 30 Ore. 205, 46 Pac. 790, 60 Am. St. 818, 34 L. R. A. 368; *State ex rel. Clark v. Superior Court,* 62 Wash. 612, 114 Pac. 444; *State ex rel. Wilson v. Superior Court,* 47 Wash. 397, 92 Pac. 269; *State ex rel. Milwaukee Terminal R. Co. v. Superior Court,* 54 Wash. 365, 103 Pac. 469, 104 Pac. 175.

MAIN, J.—This proceeding involves the right of the Western Washington Power Company, a corporation, to condemn certain lands which will be flooded by the construction of a dam in connection with the development of a hydroelectric power project, on the Baker river, in Skagit county, Washington. Upon a hearing before the trial court, an order of public use and necessity was entered. For the purpose of reviewing this order, the cause is brought here by writ of certiorari.

It is claimed that the purpose of the condemnation was to acquire land which would enable the power company to construct a dam to the height of 224 feet above the bed of Baker river, at a point known locally as "The Gorge," in section 2, township 38 north, range 8 east. The water backed up thereby would cover the lands involved herein, as well as other lands not involved in this proceeding. The total cost of completing the enterprise would be approximately two million dollars.

To avoid confusion, the parties will be referred to as petitioners and respondents, as in the superior court. On the 18th day of September, 1911, one John C. Eden entered into a written contract with Stone & Webster, a copartnership, of Boston, Massachusetts. By this contract, Eden was to acquire the lands by private purchase which would be flooded by the erection of the dam, and convey them to Stone & Webster. The contract provided that, in the event the lands could not be acquired by private purchase at a reasonable price, Stone & Webster would cause a corporation to be formed with power to condemn them. The amount of the judgments and costs for the land condemned was to be deducted from the purchase price to be paid by Stone & Webster to Eden. The language of the contract covering this matter is, that Stone & Webster "will form or cause to be formed a corporation with power to condemn, and will use their best efforts to effect condemnation of such lands and rights; and if such lands and rights are obtained

by such condemnation proceedings, the amount of the condemnation award and costs and expenses shall be deducted from the purchase price agreed on in this instrument."

In pursuance of this contract, and after a portion of the land had been acquired by Eden by purchase, and on or about the 10th day of November, 1911, the Western Washington Power Company was incorporated under the laws of the state of Maine. Subsequently it acquired the right to do business in the state of Washington. The capital stock of the corporation was $25,000, divided into 250 shares, of the par value of $100 per share. One hundred ninety shares of the capital stock were subscribed and paid for by the Pacific Coast Power Company, a corporation, which had transferred all its property to the Puget Sound Traction, Light & Power Company. The latter corporation had assumed the obligations of the former. All of the subscribers to the capital stock, including the Puget Sound Traction, Light & Power Company, were identified with the Stone & Webster interests.

The Western Washington Power Company, after qualifying under the laws of this state, instituted condemnation proceedings for the purpose of acquiring the property which had not been obtained by private purchase. Certain of these cases had gone to judgment. The judgments and costs of condemnation were paid by Eden.

Some claim is made in the respondents' brief that the evidence fails to show a public use; and also that the public interest will not be promoted by the prosecution of the enterprise. It will be admitted, for the purposes of this opinion, that the evidence was sufficient to show a public use and necessity. But the serious question is whether the petitioner is proceeding in good faith to acquire the lands for the purpose of itself developing the enterprise, or whether it does not intend, when the lands are acquired, to transfer them to Stone & Webster, a copartnership.

The legislature of this state has conferred the right to

acquire the title to private property by the exercise of the right of eminent domain upon a corporation. It has not conferred this right upon an individual. Hence, neither Eden nor Stone & Webster had the right to condemn.

The whole force and tenor of the evidence shows that the purpose of organizing the corporation and having it institute the condemnation proceedings was to acquire title to the property and, after having done so, to convey the same to Stone & Webster in pursuance of their contract with Eden. It must be admitted that one witness answered categorically that Stone & Webster had assigned their contract with Eden to the petitioner. None of the facts and circumstances surrounding the assignment appear. So far as the evidence goes, it may or may not have been in writing. But this single fact cannot overcome the force and effect of the testimony, which shows that the property was ultimately to be conveyed to the copartnership. It would be easy, after the condemnation proceedings had been completed, to reassign the contract to Stone & Webster. If the proceeding were sustained, it would enable Eden and Stone & Webster, as individuals, by the intervention of the petitioner, created for that purpose, to accomplish by indirection that which they could not do directly.

The right to take private property by the exercise of the power of eminent domain is a part of the sovereign power of the state. When that power was, by the legislature, conferred upon a corporation, a subordinate agency, it was certainly contemplated that the agency exercising the power would do so for the purpose of developing the enterprise for which the private property was taken, and not for the purpose of acquiring title to property in order that it might be transferred to a partnership which did not have the power to condemn. Courts will look to the substance of a transaction rather than to the form. It is plain that, while in form the corporation is condemning, in substance it is the individuals. This we think cannot be done. The legislature has not yet con-

ferred upon individuals the right to acquire title to private property by the exercise of the right of eminent domain.

The judgment will be reversed, and the cause remanded with instructions to dismiss the proceeding.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.