[Crim. No. 364.   Second Appellate District.—February 6, 1915.]

# THE PEOPLE, Respondent, v. W. L. A. ROBERTSON, Appellant.

CRIMINAL LAW — GRAND LARCENY — ALLEGED MISCONDUCT OF JUDGE.—
In this prosecution for grand larceny it is held that there was no
misconduct on the part of the trial judge prejudicial to the rights
of the defendant.

ID.—OBTAINING POSSESSION OF MONEY BY FALSE REPRESENTATIONS—
WHEN TITLE DOES NOT PASS—GRAND LARCENY.—In such a case,
where the evidence showed that the complaining witness paid cer-
tain money to the defendant under the influence of representations
on the part of the defendant that the money was to be paid over by
him to blackmailers, who, he told her, were threatening a criminal
prosecution against the defendant and herself, and to prevent her-
self and the defendant from being arrested, which representations
were false, the prosecutrix having consented to the change in posses-
sion of the money for a certain purpose that was never consummated
and was never intended by the defendant to be consummated, title
to it did not pass, and the defendant was guilty of grand larceny.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
George H. Cabaniss, Judge presiding.

The facts are stated in the opinion of the court.

Chauncey Gardner, for Appellant.

U. S. Webb, Attorney-General, George Beebe, Deputy At-
torney General, and Robert M. Clarke, Deputy Attorney-Gen-
eral, for Respondent.

CONREY, P. J.—The defendant appeals from a judgment
entered pursuant to a verdict finding him guilty of the crime
of grand larceny, and from an order denying his motion for
a new trial.

According to the evidence, the defendant obtained from
the prosecuting witness, Minnie Benner, the sum of one hun-
dred dollars upon a representation made to her by the defend-
ant that the money was to be paid over by him to blackmailers
who, he told her, were threatening a criminal prosecution

against the defendant and said prosecuting witness. The evidence tended to show, and the jury evidently believed, that there were no such persons threatening any prosecution and that the representations were falsely made by the defendant in order to impress fear upon the mind of Miss Benner and thereby induce her to give up possession of the money.

Although some assignments of misconduct on the part of the trial judge are contained in appellant's brief, it appears that no objections were made at the trial to the language used by the court, except in one instance. At that time the judge disavowed any intention to make any comment upon the testimony of the defendant, and instructed the jury that he was not to be understood as having made any suggestion, comment, or intimation whatsoever as to the truth or falsity of the testimony. Thereupon defendant's counsel expressed himself as satisfied. We also are satisfied that the defendant suffered no prejudice by the conduct complained of.

At the oral argument the defendant's counsel admitted that the only point that is really worthy of the serious consideration of this court is based upon defendant's contention that the money was paid over to him by the prosecuting witness as a loan whereby the relation of debtor and creditor was established; that the title to the money passed to the defendant, and that therefore there could be no larceny. Our examination of the record convinces us that there is no other question requiring our attention. There is ample evidence to sustain the jury's implied finding that the transaction was not a loan and that the prosecuting witness parted merely with the possession of her money and that the title did not pass. Although Miss Benner referred to the transaction as a loan, her testimony further shows clearly that she gave the money to the defendant under the influence of said representations, in order to prevent the making of public charges by the supposed detectives, and for the specific purpose of having it given to the detectives in order to keep herself and the defendant from being arrested. The defendant himself admitted receiving the money and denied that he received it as a loan. His testimony is that not one single word was said about a loan, and that "all she said was to give it to those men to keep their mouths quiet." Having so testified, the defendant is in the poorest possible position to contend

now that the evidence necessarily proved the transaction to be in the nature of a loan.

The case is clearly within the principle of such decisions as *People* v. *Rial,* 23 Cal. App. 713, [139 Pac. 661]; *People* v. *Schenone,* 19 Cal. App. 280, [125 Pac. 758]; and *People* v. *Arnold,* 17 Cal. App. 68, [118 Pac. 729]. By means of persistent misrepresentations the defendant took advantage of the ignorance and fears of the prosecuting witness and thereby secured possession of her money with the fraudulent intent of appropriating it to his own use. She consented to the change in its possession for a certain purpose that was never consummated and was never intended by the defendant to be consummated. Under these circumstances, it must be held that the jury was justified in finding that the title did not pass and that the defendant was guilty of the crime of grand larceny.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1915.