[Crim. No. 414. Third Appellate District.—August 20, 1917.]

## In the Matter of the Application of J. H. CLARK and ADOLPH LYONS for a Writ of Habeas Corpus.

CRIMINAL LAW—LARCENY—BORROWING MONEY WITH INTENT TO STEAL. Where possession of money is obtained upon the pretext that it is a loan, with intent to steal it, the crime is larceny, the owner not having parted with title.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Third Appellate District.

The facts are stated in the opinion of the court.

Ralph H. Lewis, and Martin I. Welsh, for Petitioners.

HART, J.—The petitioners were charged with, preliminarily examined before and committed for trial in the superior court by the police judge of the city of Sacramento, sitting as a committing magistrate, for the crime of grand larceny.

It is claimed by the petitioners that the magistrate was without legal authority or jurisdiction to order them committed for the crime of grand larceny, inasmuch as the evidence taken in support of the charge is wholly insufficient to establish reasonable or probable cause that said or any crime had been committed by them.

It is unnecessary to recite the facts of the transaction from which the charge preferred against the prisoners arose. It is sufficient to say that the evidence taken before the magistrate discloses that the case involves the oft-told story of a bucolic and guileless individual, who, while waiting for a train at the Sacramento railroad station to convey him to his home in a northern town, after a brief sojourn in the central portion of the state, accommodatingly handed over to a brace of oily-tongued strangers $120 of his available cash, as a loan, after the latter had insidiously crept into and gained his confidence and were suddenly awakened to a realization that the freightage on certain freight which they represented that one of them had previously put on board of a freight train

had to be prepaid, and that they were without sufficient funds to pay the bill, exhibiting to the aforesaid guileless gentleman as evidence of their "good faith" a document purporting to be a draft on an eastern bank for a sum greatly in excess of the amount necessary for their purpose. The case, as made by the proofs, is in all respects of such striking resemblance to the case of the *People* v. *Rae,* 66 Cal. 423, [56 Am. Rep. 102, 6 Pac. 1], that it may well be said that the relationship between the two is not merely one of affinity but one of consanguinity. The salient facts of the two cases are so near alike that it would be difficult to differentiate them. If the petitioners, assuming that the evidence taken before the magistrate correctly reveals the circumstances under which they obtained the money of the prosecuting witness, are not guilty of larceny, they are guilty of no public offense whatever. We are satisfied that the inference is fairly and reasonably justified by the evidence taken before the magistrate that the petitioners, acting in confederation for that purpose, designedly and deliberately, by the artful and crafty methods in which so-called "confidence men" are adepts, obtained possession of the money of the prosecuting witness, upon the pretext that it was to be a mere loan, with the intent to steal the same. The owner of the money not having parted with the title thereto, the crime, if any, is larceny. (*People* v. *Rae,* 66 Cal. 423, [56 Am. Rep. 102, 6 Pac. 1]; *People* v. *Delbos,* 146 Cal. 737, [81 Pac. 131]; *People* v. *Arnold,* 17 Cal. App. 68, [118 Pac. 729]; *People* v. *Schenone,* 19 Cal. App. 280, 282, [125 Pac. 758]; *People* v. *Ballo,* 19 Cal. App. 370, [125 Pac. 1081].)

The petition for the alternative writ must be denied, and it is so ordered.

Chipman, P. J., concurred.