[Crim. No. 3588. First Dist., Div. One. Oct. 9, 1959.]

THE PEOPLE, Respondent, v. JOHN LAFKA, Appellant.

Frank S. McGorty for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith and Joseph I. Kelly, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Defendant appeals from a judgment of conviction after jury verdict, of two felonies, violations of section 487, Penal Code (1) theft of a diamond ring valued in excess of $200, and (2) theft of money in excess of $200.

## QUESTIONS PRESENTED

1. Sufficiency of evidence.
2. Corroboration of prosecuting witness.

### 1. *Evidence*

Defendant contends that the money was an outright loan by the complaining witness to him and the ring was given for the purpose of sale, the proceeds to be a similar loan to him, all for the purpose of enabling him to finance the purchase of a bar business. The prosecution contends that defendant obtained the money and ring by trick and device and fraudulent

representation, as defendant had no intention of purchasing a bar business.

The complaining witness, Alice, met defendant in March, 1957, while both were working at a hotel. In July she started seeing him socially. After about two weeks defendant proposed marriage. The same night after saying that as they were going to get married and that everything that was his was hers, he asked her for money to go to Washington on a business deal. She gave him $300. A few days later at his request she gave him $500 more for the same trip. On August 12 she loaned him $900 in order for him to obtain a license for a bar and a lease at Bush Street and Grant Avenue. August 16, she loaned him $450 for fixtures and supplies. September 3, she loaned him $325 for a license from the Board of Equalization. September 10, she loaned him an additional $300 for the bar. These loans were to be repaid after the first of the year. When Alice informed defendant that was all the money she had, he began to admire her ring, which had cost her $290 in 1940. He told her that he could get some money for it. Defendant promised to return the ring in a week, saying that he intended to use the money from pawning it for the bar. Stating that it was necessary in order for him to be able to pawn the ring, he produced from his pocket a paper which he asked her to sign. It stated: "This is to inform anyone concerned that I have authorized J. Lafka to make a loan on this ring, and to use said monies for himself as he sees fit." Alice stated, "It isn't saying that you are using it for the bar." He again reassured her it was for the bar, that he would return the ring in a week, and that he had to word the paper that way in order to pawn the ring. Alice then signed the note and gave him the ring. Alice took a trip to Portland and was met by defendant upon her return. Thereafter he no longer visited her or talked of marriage. She called him and inquired about the ring. Toward the end of October as defendant refused to keep his promise of returning the ring, she consulted the district attorney. Alice testified that she would not have loaned defendant the money if it was not to be used for the purposes defendant described. Defendant did not testify.

 It is clear that defendant used the device of pretending that he was "negotiating" for a license and a lease to deprive Alice permanently and wholly of her property, and without any intention of using it for the purposes prom-

ised. He said he was "negotiating" with the Board of Equalization for a "liquor license." Such licenses are not issued by that board but by the Department of Alcoholic Beverage Control (Bus. & Prof. Code, § 23051). The department had no record of any application or "negotiations" of any sort by defendant. Moreover, the department's supervising agent testified that the department would not accept an application for a liquor license without a particular premise being specified. As to a lease, defendant called Paul Kwan who owned a store at Bush and Grant Avenue. He testified that defendant had expressed interest in renting the store for a bar but did not go so far as to discuss a lease. Kwan could not remember, however, the month in which defendant came to see him. The jury could very well have believed that it was in November or December, after Alice began to stir up trouble for defendant, that he saw Kwan in an attempt to supply proof of defendant's good faith.

Considering defendant's failure to testify, the fact that as soon as Alice's money was gone defendant's romantic interest in her also waned, the fact that defendant did not discuss a lease with Kwan, and all the other circumstances, there was sufficient evidence to amply demonstrate the defendant had no intention of using the money and ring for the purposes specified nor of repaying the money or returning the ring, and therefore extracted the money and ring by trick and device.

■ "Larceny amounting to grand theft can be committed by trick and device and usually results when the victim of a fraud intends not to pass complete title to his property, but that it shall be applied to a special purpose while the recipient intends to appropriate it to his own use." (*People* v. *Andrews,* 165 Cal.App.2d 626, 638 [332 P.2d 408].)

■ It is well settled that a loan of money induced by a fraudulent representation that it will be used for a specific purpose accompanied by an intent to steal amounts to larceny by trick and device. (*People* v. *Reed,* 113 Cal.App.2d 339, 352 [248 P.2d 510] ; *In re Clark,* 34 Cal.App. 440 [167 P. 1143].)

■ The elements of theft by trick or device ((1) the taking (2) asportation (3) of the property of another (4) with a fraudulent intent) are satisfied here. Clearly there was a "taking" and "asportation."

As to the "taking," applicable here is the following language in *People* v. *Bartges,* 126 Cal.App.2d 763, 770 [273

P.2d 49] : "Without again setting forth the evidence in detail, suffice it to say that it clearly shows that appellant, with a preconceived design to appropriate the money to his own use, obtain possession of it by means of fraud and trickery. The fraud vitiated the transaction and the owner is deemed still to retain a constructive possession of the property. The owner does not part with title to the alleged thief where, as here, he delivered it to appellant to be applied by the latter to a particular purpose and the recipient, having obtained possession with the preconceived intention to appropriate the money to his own use, subsequently did convert it to his own use instead of applying it to the purpose contemplated by the owner. Under the facts here present there was in contemplation of the law of larceny a 'taking.' "

Applicable to the "asportation" is the following from the same case: "Asportation is shown by evidence that when appellant obtained delivery of the money from Mr. Simmons he did not intend to devote it to the use for which it was given him but to convert it to his own use. Upon receipt of the money he intended to keep it as his own and the conversion was then complete." No title passed. "Since the money belonged to Mr. Simmons and appellant acquired possession of it by fraud and chicanery, his holding was without right, and title thereto did not pass to him. *People* v. *Edwards, supra* [72 Cal.App. 102 (236 P. 944)] pp. 113, 116; *People* v. *Rae,* 66 Cal. 423, 425, 427 [6 P. 1])." (*People* v. *Bartges, supra,* 126 Cal.App.2d 763, 770.)

2. *Corroboration*

The court instructed on the crimes of larceny by trick and device and by obtaining property by false pretenses, two of the forms of theft consolidated in section 484, Penal Code. General verdicts were returned which must be sustained if there is substantial evidence of either form of these. (*People* v. *Ashley* (1954), 42 Cal.2d 246, 258 [267 P.2d 271] ; *People* v. *Martin* (1957), 153 Cal.App.2d 275, 284 [314 P.2d 493].) No corroboration is necessary to sustain a conviction of grand theft by trick and device. (*People* v. *Bartges, supra,* 126 Cal. App.2d 770, 771; *People* v. *Reed,* 113 Cal.App.2d 339, 352 [248 P.2d 510].) As the evidence supports conviction on both counts of grand theft by trick and device, it becomes unnecessary to consider whether it also supports conviction on obtaining property by false pretenses which requires corrobora-

tion if the conviction rests primarily on the testimony of a single witness. (Pen. Code, § 1110.)

The judgment is affirmed.

Tobriner, J., and Foley, J. pro tem.,* concurred.

A petition for a rehearing was denied November 3, 1959, and appellant's petition for a hearing by the Supreme Court was denied December 2, 1959.

*Assigned by Chairman of Judicial Council.