[Crim. No. 504.   Department Two.—February 28, 1900.]

THE PEOPLE, Respondent, v. SAMUEL J. DE GRAAFF, Appellant.

CRIMINAL LAW—LARCENY—INTENT TO STEAL—EMBEZZLEMENT.—One who obtained the money of the wife of another person with the intent from the beginning to steal it, under the false pretense that it was to be paid to others who could secure an appointment on the police force for her husband, and that it was to be returned to her if the appointment was not secured, and who gave his note therefor, and promised to have it indorsed by the others, is not guilty of embezzlement.

ID.—FALSE PRETENSES—PARTING WITH TITLE—QUESTION OF FACT.—The question whether the crime was that of larceny or the obtaining of money under false pretenses, depends upon the question of fact whether the owner of the money, at the time of parting with the possession of it, intended to part with the title thereto. If she did not intend to part with the title, but merely gave it to the defendant, to be applied to a special purpose, if opportunity offered, otherwise to be returned to her, and in no event to be used by the defendant for his own purposes, the offense of taking it, by the defendant, with intent to steal it, is larceny, and not the obtaining of money under false pretenses.

ID.—PROPRIETY OF INSTRUCTIONS—MANNER OF JUDGE.—The propriety of the instructions given by the judge can only be determined from their contents, and the manner of the judge in giving them cannot be considered upon appeal, unless misconduct is made to appear in some mode provided by the code.

ID.—ERRONEOUS MODIFICATION OF INSTRUCTION—HARMLESS ERROR.—An erroneous modification of a correct instruction asked by the defendant by inserting a negative which made the instruction absurd, and which was equivalent to a refusal to give the instruction, is harmless error, where it appears that the whole substance of the instruction as requested was repeatedly given in the charge of the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William T. Wallace, Judge.

The facts are stated in the opinion of the court.

Frank McGowan, McGowan & Squires, and Brousse Brizard, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

TEMPLE, J.—The defendant appeals from a conviction for grand larceny, and the principal question presented here is whether the testimony on the part of the prosecution proved the commission of that offense, or simply tended to prove the offense of obtaining money by means of false and fraudulent pretenses, or embezzlement.

One Healy was desirous of getting an appointment upon the police force of San Francisco. The defendant volunteered to assist Healy, and pretended to have great influence with certain prominent citizens of San Francisco. He mentioned the names of four whom he said were willing to assist, but said they wanted a hundred dollars each. Healy, or rather his wife, gave defendant the money to be used in that way, but defendant agreed to refund the money if he did not succeed in getting the appointment, and gave his note for the money and promised to have it indorsed by the four influential persons he mentioned. The money was delivered to the defendant for the express purpose of being given by defendant to such four persons, and upon such express promise as to repayment. A few days after Healy parted with his money the defendant stated to Mrs. Healy, with whom most of the negotiations had been made, that he had paid the money to such persons. Much more was said and done, but this statement sufficiently shows the nature of the transaction.

The theory of the prosecution is very clearly stated by the learned judge of the trial court in an instruction as follows: "Now if, instead of in her bureau drawers, in the supposed case, she, Mrs. Healy, then and there had this money in her hands, and was thereupon induced by tricks and artifice practiced upon her by the defendant, he having at the time in his mind the intent to thereby steal it from her feloniously, was induced to deliver and did deliver it to him for the declared specific purpose of his applying it to the promotion of the purpose of her husband to obtain an appointment upon the police force, should an opportunity to so apply it offer, and otherwise to return it to her, she not intending thereby to part with the title to the property, but only to part with its possession, and only for the specific purpose aforesaid; and the defendant received the money from her, and had at the time in his own mind a secret purpose and intent not to so apply it, nor to return it to her in any event,

but to thereby feloniously steal it, then the defendant was thereby guilty of grand larceny; and if you find these supposed facts to be true beyond all reasonable doubt, then you should find the defendant guilty as charged."

The defendant does not question the soundness of the legal proposition contained in the instruction, but he contends there was no evidence from which the jury could have found that Mrs. Healy did not intend to part with the title to the money when she delivered it to defendant. It was not given to defendant to apply the same to a specific purpose if an opportunity to so apply it should offer, but the intention was that he should hand it at once to the four named persons, who, he said, did not want the money for themselves, but for others who could procure the appointment.

Mrs. Healy testified that finally defendant came to her and said: "These men say they need one hundred dollars apiece, not for themselves, but to use on men that have the inside track in getting these positions. That is how the money is to be divided up." After some hesitation, Healy said: "Well, Sam, that is all the money we have got, and I want you to guard it with jealous care." Sam said: "You needn't worry about the money, Healy. If anything happens you don't get your position on the police force, you will get your money back. I want to act fair with you—do what is right." He said: "I tell you what I will do; I will give you my note and have it indorsed by these men." Healy's testimony is practically the same. Upon these assurances the money was handed to the defendant, and he gave his unindorsed note for the amount. Mrs. Healy said they took the note as a receipt. They then believed defendant was what he said he was, a millionaire's son, and had influence. The defendant did not give the money to the persons named, but appropriated the entire sum to his own use.

It may be that the evidence does not warrant the precise theory upon which this instruction and various others upon the same point were based. The evidence for the prosecution was not conflicting, and all tended to show that the Healys expected the defendant to give the money at once to the four named persons, who would themselves so apply it as to get the appointment if possible. It also appears that defendant had no under-

standing with the persons named, and did not intend to deliver
the money to them, but the whole pretense was a trick to enable
him to get possession of the money that he might convert it to
his own use.   He intended from the beginning to steal it, and it
was, therefore, not embezzlement.   (*People v. Salorse,* 62 Cal.
139; *People v. Morino,* 85 Cal. 518; *People v. Smith,* 23 Cal. 280.)

The jury were very specifically told that to find the defendant
guilty they must be satisfied that the felonious intent existed at
the time the money was delivered.   I can see no difference
whether the understanding was that defendant was to buy influ-
ence with the money, if an opportunity occurred, or the four
named persons were to hold it for that purpose, and to return it
in case the pretended purpose could not be accomplished.

Whether the offense was larceny, or the obtaining money
under false pretenses, depended upon the question of fact
whether Mrs. Healy intended to part with the title to the money.
Upon that matter the jury was fully and correctly instructed,
and there was evidence to sustain the conclusion reached by the
jury.

The appellant contends that the instructions are in many
respects unfair, and constituted really an argument for the
prosecution.   This is charged to have been done more by the
manner of the judge than by any improper language used.   It
is said that he was emphatic in statements which tended to help
the prosecution, and that the qualifications which would have
been favorable to the defense, and without which the instruc-
tions would have been erroneous, were so delivered as to seem
unimportant.   Manner is likely to impress persons differently,
according to their interest.   We are unwilling to believe that
the judge did as charged, and, at all events, misconduct, if it
existed, must be made to appear in some mode provided in the
code before it can be availed of here.

The most serious charge of error is in regard to the modifica-
tion of an instruction asked for by defendant.   One point in-
sisted upon by the defendant during the trial was that if any
offense was proven it was embezzlement, or the obtaining of
money under false pretenses, and he asked for an instruction
that: "It is not sufficient in law to warrant you in obtaining a
verdict of guilty in the case that you are convinced beyond a

reasonable doubt that the defendant is guilty of some offense other than that charged in the information." The court, through some inadvertence, no doubt, modified the instruction by inserting the word "not" before convinced. This made nonsense of the instruction, and was the equivalent of a refusal to give it. It was a proper instruction, and if its place was not filled by others, was important. It must be regarded as prejudicial, unless it is very clear that the idea it would have conveyed was as well presented in other instructions, and it seems quite evident that it was. Over and over the jury was told that it was essential to the prosecution that the guilty intent on the part of defendant must have existed at the time he got the money. If this fact existed the offense could not be embezzlement. They were as emphatically told that they must also find from the evidence, in order to convict, that Mrs. Healy did not intend to part with the title to the money, but merely gave it to defendant to be applied to a special purpose, if opportunity offered, otherwise to be returned to her, but in no event to be used by De Graaff for his own purposes. If this state of facts existed it would not constitute the offense of obtaining money under false pretenses. These are the only other offenses of which it was possible that the jury could find the defendant guilty.

Some other exceptions were taken, but they seem of little importance and do not tend to show injury to defendant.

Judgment and order affirmed.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.