[Crim. No. 1177.  In Bank.—May 13, 1905.]

# THE PEOPLE, Respondent, v. ANGELE DELBOS, Appellant.

CRIMINAL LAW—DISTINCTION BETWEEN LARCENY AND FALSE PRETENSES. —Where the possession of property is obtained by a defendant by false pretenses and fraudulent artifice, with the original intention to appropriate it to the defendant's use, such appropriation is larceny, if the title remained in the one who delivered the property to the defendant; and the crime is that of obtaining property under false pretenses, if the intention was to pass the title thereof to the defendant.

ID.—PROOF OF GRAND LARCENY—MONEY DELIVERED TO PAY FOR LODGING-HOUSE—FALSE STATEMENT AS TO PRICE.—Evidence that money was delivered to the defendant with which to pay for a lodging-house purchased by the defendant for the prosecuting witness, in respect of which the defendant had made a false statement as to the price, with the original intention to appropriate the difference of four hundred dollars in price to her own use, and that such misappropriation was made, is sufficient to show that the title to the money remained in the prosecuting witness until delivered in payment as proposed, and will sustain a verdict of guilty of grand larceny.

ID.—THEORY OF DEFENSE—PURCHASE OF LODGING-HOUSE FROM DEFENDANT—IMPROPER EXCLUSION OF EVIDENCE.—Where the theory of the defense was that the defendant bought the lodging-house with her own money, and sold it for an extravagant price to the prosecuting witness, and received the money in controversy upon such sale, such theory, if proved, would exclude the crime of larceny; and where the testimony of the defendant and some other corroborating evidence harmonized with such theory, it was prejudicial error to exclude a question of the defendant to the prosecuting witness, on cross-examination, tending to elicit whether she had not purchased the lodging-house from the defendant.

ID.—IMPEACHMENT—MOTIVES OF PROSECUTING WITNESS—FOUNDATION. —It was proper to impeach the motives of the prosecuting witness by proof that she had instituted the prosecution for the purpose of extorting money from the defendant; but in order to lay the foundation for such impeachment, the prosecuting witness should first be directly asked if she had not begun the prosecution for that purpose.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

A. Ruef, for Appellant.

U. S. Webb, Attorney-General, R. C. Van Fleet, and Lewis F. Byington, District Attorney, for Respondent.

SHAW, J.—The defendant appeals from a judgment of conviction of grand larceny and from an order denying her motion for a new trial.

It is claimed that the verdict is contrary to the law and the evidence. We think the evidence was sufficient to sustain the verdict. The charge was, that the defendant had on the twelfth day of December, 1902, stolen from one Maria Marquet the sum of four hundred dollars in money. The particular claim is made that the evidence does not show a larceny of the money, but an obtaining of the money by false pretenses. There was legal evidence tending to show that the defendant and the prosecuting witness Maria Marquet were cousins by marriage and somewhat intimate; that Maria Marquet wanted to buy a lodging-house, and defendant undertook to buy one for her; that the defendant learned that one Stalford had a lodging-house for sale which could be bought for ninety dollars; that she made the bargain with Stalford for the sale thereof to Maria Marquet at that price, and then represented to Mrs. Marquet that she had purchased the lodging-house for her, the prosecuting witness, for the sum of five hundred dollars; that Mrs. Marquet then said to defendant that she would pay four hundred dollars down and the balance in a few days, and requested the defendant to get the four hundred dollars from a Mrs. Janzi, who had that much money belonging to Mrs. Marquet, at the same time sending instructions to Mrs. Janzi to deliver the money to the defendant, which Mrs. Janzi accordingly did, and defendant thereupon delivered to Mrs. Marquet a bill of sale, which had been previously signed by Stalford, purporting to sell the property to Mrs. Marquet, and that Mrs. Marquet afterwards paid the balance of the purchase money to the defendant. The evidence indicated that Mrs. Delbos had from the beginning of the transaction intended to obtain the money from Mrs. Marquet, ostensibly to use in paying for the property sold by Stalford to Mrs. Marquet, but really to convert all of the same to her own use except the ninety dollars actually paid

to Stalford. The distinction between larceny and false pretenses sometimes depends on a close analysis of facts and legal principles. It is stated in Harris on Criminal Law (3d ed., p. 194): "The most intelligible distinction between false pretenses and larceny has been thus set forth: 'In larceny, the owner of the thing has no intention to part with his property therein *to the person taking it,* although he may intend to part with the possession. In false pretenses the owner does intend to part with his property in the money or chattel, but it is obtained from him by fraud.' " (The italics are our own.) The intention of the owner is described in somewhat different language in other authorities, but the meaning is the same. Thus Bishop says that "If by fraud a person is induced to part with his goods, meaning to relinquish his property in them, as well as his possession," the person thus obtaining them is not guilty of larceny, but of false pretenses. (2 Bishop on Criminal Law, sec. 808.) And Clark says: "Where the owner of goods delivers possession intending to part absolutely with the ownership there can be no larceny." (Clark on Criminal Law.) McLain says of this class of cases where the crime is held to be larceny: "The title remains in the owner, and the subsequent conversion and the original intent to deprive the owner of his property supply the necessary elements of larceny." (1 McLain on Criminal Law, sec. 562.) These authors are here speaking of the intention of the owner with respect to the relation which the person then receiving the goods shall bear to them; that is, the owner's intention as to the effect which the delivery of the possession to the defendant shall have on the title. If such delivery is intended to transfer the title, absolutely, there is no larceny, for the goods are then no longer his property, and a subsequent theft of them would be a theft of the goods of the person to whom title was thus transferred, and furthermore the defendant would then be invested with the title himself, and could not be guilty of stealing that which is his own. In the case at bar, at the time Mrs. Marquet delivered the money, or caused it to be delivered to the defendant, she did not intend then to part with her property in the money to any one. Her intention was that the defendant should receive the money from Mrs. Janzi for her, carry it to Mr. Stalford, the seller, and then pay it to

Mr. Stalford on behalf of Mrs. Marquet. If this had been done as intended, the money would have remained in law the property of Mrs. Marquet until its final delivery to Mr. Stalford in payment of Mrs. Marquet's debt on the purchase price of the house. The title thus remaining in Mrs. Marquet, it was subject to larceny as of her property, and the fraudulent appropriation by the defendant to her own use, she having had the intention from the beginning to obtain it for that purpose, constituted, in law, an act of larceny. The distinction has been frequently made by the decisions in this state. (*People* v. *Abbott,* 53 Cal. 284;[1] *People* v. *Raschke,* 73 Cal. 382; *People* v. *Rae,* 66 Cal. 425;[2] *People* v. *De Graaff,* 127 Cal. 676.) In *People* v. *Rae* the distinction is thus stated: ''Where by means of fraud, conspiracy, or artifice possession of the property is obtained with felonious intent, and the title still remains in the owner, larceny is established; while the crime is false pretenses, if the title, as well as the possession, is absolutely parted with. The evidence was sufficient in this respect to justify the verdict.''

It is further to be observed in this connection, in consequence of another point presented in the case, that if the defendant had herself some property interests in the goods sold, and had by means of criminally false and fraudulent pretenses made the sale of that interest to Mrs. Marquet for an extravagant price, and thereupon Mrs. Marquet had delivered the money to Mrs. Delbos,—not to be carried to the original seller, Mr. Stalford, but to pay upon the price of the sale direct from the defendant to Mrs. Marquet,—the crime might have been that of obtaining money by false pretenses, but it would not have constituted larceny, because in that case there would have been an intention on the part of Mrs. Marquet to transfer the title to her money directly to the defendant, upon the delivery thereof to the defendant by Mrs. Janzi. The money in that case would not have remained the property of the prosecuting witness after its delivery to the defendant.

This leads us to the consideration of a ruling of the court on the cross-examination of the prosecuting witness which we think was error. The theory of the defense was that the defendant had purchased the property from Stalford, and paid for it with her own money, intending, however, to sell

[1] 31 Am. Rep. 59.                    [2] 56 Am. Rep. 102.
CXLVI. Cal.—47

it again to Mrs. Marquet, the prosecuting witness; that in pursuance of that intention she caused the bill of sale to be made out direct from Stalford to Mrs. Marquet; that thereupon she made the sale to Mrs. Marquet, received the four hundred dollars as part payment, and delivered the bill of sale. The testimony of the defendant, with some corroborating evidence, was in harmony with this theory. While the prosecuting witness was on the stand testifying for the people, after having detailed the transaction, and stating that the defendant purchased the property from Stalford for her, the prosecuting witness, upon cross-examination the following occurred: "Q. You say that Mrs. Delbos told you that Stalford wanted five hundred dollars for this place?—A. Yes, sir.—Q. And it was because she told you that you turned over this money to her, is that right?—A. Yes.—Q. You say now that you did not buy the lodging-house from her?" This latter question was objected to as incompetent, irrelevant, and immaterial, and the objection was sustained, to which defendant excepted. In view of the theory of the defendant, and the testimony in support thereof, and the principle of law to which we have adverted, we think this ruling of the court was erroneous. It tended to elicit from the prosecuting witness a direct statement whether or not she had in fact bought the lodging-house from the defendant instead of from Mr. Stalford. If she had answered that she had done so, the result, as we have seen, would be that the taking of the money would not be larceny. This was the crucial point in the case, and the court should have allowed greater latitude in the cross-examination concerning it.

There were other exceptions to the refusal of some evidence tending to lay the foundation for proof that the prosecution was instituted by the prosecuting witness for the purpose of extorting money from the defendant. It was proper to show this fact to impeach the motives of the prosecuting witness, but the questions asked should have been preceded by a direct question. The prosecuting witness should have been first asked if she had not begun the prosecution for that purpose. The ruling was technically correct.

The judgment and order are reversed.

Angellotti, J., Beatty, C. J., and Lorigan, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment reversing the order and judgment appealed from. I also concur in that part of the opinion of Mr. Justice Shaw which holds that the court below erred in sustaining an objection to the question asked by appellant of the prosecuting witness— if she had bought the lodging-house of appellant. But, in my opinion, all the evidence in the case taken together—as to matters occurring both before and after the delivery of the four hundred dollars to appellant—shows that when the money was given to appellant the title to the same passed, and was intended by the prosecuting witness to pass, without any expectation of getting it back; and that therefore, under the law as both parties assert it to be, the appellant, whether or not she was guilty of any other crime, was not guilty of larceny.

Henshaw, J., and Van Dyke, J., concurred with McFarland, J.