[Crim. No. 2841.   Second Appellate District, Division Two.—April 2, 1936.]

THE PEOPLE, Respondent, v. GEORGE V. WOOLSEY, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

GOULD, J., *pro tem.*—Defendant, according to the testimony adduced in this case, owned and controlled two corporations, each admittedly an *alter ego* of defendant, by means of which he engaged in the business of purchasing building and loan certificates from the general public, commonly contacting the public through newspaper advertisements. For these certificates he paid ten per cent of their face value in cash and executed promissory notes for the balance, payable in eighteen months with interest at the rate of seven per cent per annum. Evidence disclosed that as soon as the certificates were acquired defendant sold them at prices far below their face value and that he used the money so realized to keep up interest payments on his notes for a time. It was also brought out by the evidence that in connection with the purchase of these certificates defendant made representations that he was engaged in the business of settling life estates, from which he derived sufficient income to meet the notes and other obligations. The testimony as a whole clearly established that he had no such business, that his companies made no profits and that the representations so made were false and untrue. It is admitted that he held no broker's license from the commissioner of corporations.

For transactions involving the purchase of two certificates for $1,000 and $1573, respectively, defendant was charged upon four counts, two for grand theft and two for violation of the Corporate Securities Act. A jury found him guilty on all four counts, the court denied his motion for new trial and he appeals from the judgment and order.

Appellant contends that the Corporate Securities Act is unconstitutional in so far as it purports to regulate the purchase and sale by an individual of his own property. In this he relies chiefly upon the cases of *People* v. *Pace*, 73 Cal. App. 548 [238 Pac. 1089], and *People* v. *Lesser*, 123 Cal. App. 489 [11 Pac. (2d) 668]. The Corporate Securities Act as it now stands and as amended since the decision in *People* v. *Pace, supra*, to eliminate the uncertainties discussed therein defines a broker as one who "shall in this state engage wholly or in part in the business of selling or offering for sale, negotiating

for the sale of, or otherwise dealing in any security issued by others . . . or of purchasing such securities with the purpose of reselling them, or of offering them for sale to the public''. (Deering's 1933 Supp., Act 3814, sec. 2a, par. 10, p. 1766.) Manifestly the course of conduct on the part of appellant as disclosed by the evidence herein brings him within the class described in the phrase ''or of purchasing such securities with the purpose of reselling them, or of offering them for sale to the public''. That the business of purchasing securities with the purpose of reselling them is a proper matter for legislative regulation is squarely held in *State* v. *Swenson,* 172 Minn. 277 [215 N. W. 177, 54 A. L. R. 490], wherein the Minnesota Supreme Court uses this language: ''While it is recognized everywhere that the owner has the right to sell or dispose of his property when and to whom he pleases, it is also recognized everywhere that the manner of exercising that right may be regulated by law, and that he may be restrained from making such use or disposition of his property as will be injurious to the community, and may be required to comply with reasonable regulations deemed necessary for the prevention of frauds or the protection of the general public. The power to regulate is undoubted, and is vested in the legislature. The legislature may exercise this power in such manner and to such extent as it deems necessary in order to cure or lessen recognized evils so long as it keeps within the bounds of legitimate regulation.''

We see no reason to exempt one such as appellant, engaged in the buying and selling of securities as a ''business'', from the necessity of securing a broker's license and submitting to the reasonable regulations of the act. The public welfare is directly involved, the provision complained of · is not discriminatory or unreasonable, and the fact that appellant is the owner of the securities bought and sold for the brief interval that they are in his possession presents no cogent reason why the act is inapplicable in his case. To hold otherwise would be to defeat the enforcement of the act and to prevent the safeguarding of the public designed by this legislation. It is also to be noted that in neither the Pace nor the Lesser cases, relied upon by appellant, was the court called upon to consider whether one engaged in the ''business'' of purchasing and reselling securities was subject to the provisions of the

act, or whether such "business" was a valid subject of regu-lation.

■ Appellant's point that the Corporate Securities Act was not intended to apply to building and loan certificates is answered by the provisions of the act itself, section 2b, para-graphs 6 and 11, which specifically declare brokers subject to the provisions of the act with respect to all transactions in-volving building and loan securities.

■ It is contended that the two counts charging appellant with violation of the Corporate Securities Act fail to apprise him of the nature of the accusation. The charge is in the language of the statute, and similar charging language has been approved as sufficient in *People* v. *Ratliff*, 131 Cal. App. 763 [22 Pac. (2d) 245].

■ Appellant complains that the court erroneously in-structed the jury upon the subject of larceny by trick and device, which is one of the crimes included within the offense of grand theft. (*People* v. *White*, 124 Cal. App. 548 [12 Pac. (2d) 1078].) It is the essence of larceny by trick and device that the owner of the property shall intend to part with possession only and not to pass title as well. (*People* v. *Edwards*, 72 Cal. App. 102 [236 Pac. 944].) If the owner in-tends to pass both possession and title, the transaction, though it may amount to the crime of obtaining property by false pre-tenses, will not constitute larceny. In the case before us the testimony was undisputed that the owners of the property in-tended to part with both possession and title, and, therefore, the essential elements of larceny being lacking, it was error for the court to instruct upon the subject of larceny by trick and device. ■ However, the instructions were not prejudi-cial to appellant, because the evidence overwhelmingly demon-strated his guilt and was ample to support his conviction upon the charge of obtaining property by false pretenses, a crime included within that of grand theft. For an error not affect-ing the substantial rights of appellant the judgment of the trial court may not be disturbed, and unless the error com-plained of has resulted in a miscarriage of justice the judg-ment will not be set aside. (Const., art. VI, sec. 4½.)

■ The court's instructions as to what constituted a "broker" within the meaning of the Corporate Securities Act followed the statutory language and in our opinion were not objectionable.

Objections as to the insufficiency of the evidence do not appear to have merit. Ample evidence was brought before the jury to justify its verdict. There is no force in appellant's objection to the reception of evidence upon two of the counts upon which he was held to answer for trial, although the complaining witness at the preliminary examination had left the witness stand and walked from the courtroom without submitting to cross-examination. Such conduct at the preliminary hearing had nothing to do with the trial in the superior court before a jury, and we perceive no force in appellant's claim that because he was deprived of the right to cross-examine the complaining witness at the preliminary hearing he should have been discharged at the trial in the upper court. There was no showing that appellant was not legally bound over by the committing magistrate.

Numerous objections to testimony pointed out by appellant have been examined in detail, but we find no error in the admission or rejection of evidence sufficient to warrant interference with the judgment.

Judgment and order affirmed.

Wood, J., and Crail, P. J., concurred.