[Crim. No. 3060. Second Appellate District, Division Two.—February 2, 1938.]

THE PEOPLE, Respondent, v. MURRAY CURRAN, Appellant.

Donald Kolts for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WOOD, J.—In an information defendant was charged with the crime of grand theft, in that he wilfully and feloniously took $500, the personal property of Arthur Reshman. A jury returned a verdict of guilty and the defendant appeals from the judgment and from the order denying his motion for a new trial.

According to evidence presented by the prosecution, defendant and one Whiting entered into a partnership under the name "Ideal Investment Company" on June 8, 1936, for the purpose of selling real estate and "business opportunities". They rented a vacant store at 1731 West Seventh Street, Los Angeles. Defendant furnished the business experience and Whiting the capital. Office furniture was installed on a lease contract by which most of the purchase price was to be paid at a future date. A stenographer was employed on a commission basis, her compensation to be ten per cent on all of the sales that should be consummated. During the next two months only two transactions were consummated, on one of which the commission was $50 and on the other the commission was $15. Whiting then withdrew from the partnership.

Upon the withdrawal of Whiting defendant inserted an advertisement in a Los Angeles newspaper under the head "Business Opportunities", by which a partner was sought. In answer to this advertisement Reshman went to the office of "Ideal Investment Company" and there defendant stated to him that he had sales rights for oil leases he expected to put upon the market and that he needed someone to look after the business in the office while he was absent; that the various types of businesses he sold were gas stations, restaurants, rooming houses, and "any little business that was offered for sale"; that the business had been in operation about two months and had cleared about $1200; that the secretary had made about $120 on a commission basis of ten per cent. Defendant showed Reshman a page from a looseleaf book and stated that the sale there represented was recent and had brought in between $50 and $75. All of these statements were false. Reshman showed his bank book to defendant, who offered him a partnership for the sum of

$500. Reshman later agreed to purchase an interest in the business and the two went to a bank where defendant insisted that the $500 be in cash. Reshman objected to carrying $500 in cash through the downtown district and defendant expressed his willingness to carry it, but Reshman replied that the money would not be turned over until the papers were signed and they had become partners. Reshman suggested that a certified check be obtained from the bank. This was done and the parties went to a lawyer's office where a partnership agreement was drawn and signed and the certified check was delivered by Reshman to defendant. At the office of the company Reshman was assigned a desk in the front part of the office, but there was no business other than one transaction which netted a commission of $35 or $50, of which Reshman received $16.25. In about a month the furniture company removed the furniture. The next day defendant suggested to Reshman that they burn up their written agreement, since the partnership had ended with the return of the furniture. At the time Reshman purchased the interest in the business defendant did not inform him that he had previously had a partner.

Defendant contends that if any crime is shown by the evidence it is the offense of obtaining property by false pretenses and that no corroboration was offered of the testimony of the complaining witness; that the trial court erred in failing to instruct the jury that the pretenses must be proven by the testimony of two witnesses or by that of one witness and corroborating circumstances, as provided by section 1110 of the Penal Code; and that the trial court erred in instructing the jury as to the elements of larceny by trick and device in view of the fact that the evidence failed to show that the offense of larceny by trick and device was committed.

The distinction between the offenses of larceny and of obtaining money by false pretenses depends upon the intention with which the owner of the property parted with it to the person taking it. "In larceny, the owner of the thing has no intention to part with his property therein to the person taking it, although he may intend to part with the possession. In false pretenses the owner does intend to part with his property in the money or chattel, but it is obtained from him by fraud." (*People* v. *Delbos,* 146 Cal. 734, 736 [81 Pac. 131].) The only reasonable view that

may be taken of the evidence presented is that Reshman intended to pass title to his money to defendant. He made an outright purchase of an interest in the business, such as it was. He took great care to see that neither the cash nor the check was turned over to defendant until the partnership papers had been signed and he had become a partner.

Since the offense shown by the evidence is that of obtaining property by false pretenses it was incumbent upon the prosecution, in the absence of proof that the pretenses, or some note or memorandum thereof, were in writing, to prove the pretenses by the testimony of two witnesses or that of one witness and corroborating circumstances. The prosecution did not establish the facts as required by section 1110 of the Penal Code in order to justify a conviction. The evidence as to the making of the false representations came solely from the testimony of Reshman. The respondent argues that corroboration may be found in the testimony of the witness Ott, who stated that defendant had attempted to interest him in buying a partnership with one Jess Davie and that defendant had stated to the witness that during the preceding month he had made $1200, of which he had paid ten per cent to his secretary. It is apparent that the witness Ott was testifying about a transaction entirely different from the one which is the subject of the present action. His testimony does not satisfy the requirement of the code.

The trial court failed to instruct the jury that the defendant could not be convicted of the offense of obtaining property by false pretenses unless the pretenses be proven by the testimony of two witnesses or by corroborating circumstances. The failure to so instruct the jury constitutes reversible error. Although it is not the duty of the court to give instructions to the jury upon specific points developed by the evidence unless such instructions are requested, it is nevertheless the duty of the court in criminal actions to give to the jury instructions on the general principles of law pertaining to the case on trial. (*People* v. *Scofield*, 203 Cal. 703 [265 Pac. 914].) In *People* v. *Heddens*, 12 Cal. App. (2d) 245 [55 Pac. (2d) 230], the trial court failed to instruct the jury that the testimony of an accomplice must be corroborated in order to sustain a conviction, as required by section 1111 of the Penal Code. The defendant did not ask for instructions on the subject but the judgment of con-

viction was reversed on account of the failure of the court to give the proper instruction on its own motion. The present case presents a parallel situation. In *People* v. *Carter*, 131 Cal. App. 177 [21 Pac. (2d) 129], a judgment of conviction was reversed for failure of the trial court to instruct the jury concerning the requirements of section 1110 of the Penal Code. The court referred to the legal principle involved as a "thoroughly seasoned rule" which "should not lightly be cast aside" and held that the provisions of section 4½ of article VI of the Constitution did not justify an affirmance of the judgment.

The judgment and order denying a new trial are reversed and a new trial is ordered.

Crail, P. J., and McComb, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1938.