SHAW, P. J.
 

 The conviction of petty theft here can be sustained, if at all, only on the evidence tending to prove these facts: that the defendant stated to Tinkle, the complaining witness, who was a plumber, that defendant had built the molds for and had manufactured certain plumbers’ fittings which defendant offered to sell to Tinkle, that Tinkle on a Saturday gave defendant an order for some of them, which defendant said he could and would deliver on the following Monday, that defendant asked Tinkle on Saturday to give him $25 ‘in advance, as payment on these fittings”, which Tinkle then did; that no fittings were ever delivered to Tinkle and none had in fáct been manufactured by defendant, nor had he built the molds for them. It also appears that defendant had previously asked Tinkle to finance him in making the molds for these fittings by a loan, which Tinkle had refused to do, and that still earlier Tinkle had loaned defendant money for making other molds, which defendant had not repaid.
 

 These facts are sufficient to prove a theft as defined in section 484 of the Penal Code, of the sort formerly known as obtaining money by false pretenses. The material false pretense here is the statement that defendant had made the fittings and could deliver them. This pretense was not in writing or accompanied by any false token or writing, nor was there any written note or memorandum thereof. The only testimony of its making is that of Tinkle. Under the circumstances, section 1110 of the Penal Code requires for conviction corroboration of his testimony in that respect by that of another witness or by circumstances, and neither appears here. The amendment of section 484 of the Penal Code, by which the offense of obtaining money by false
 
 *Supp. 777
 
 pretenses was included in the definition of theft, did not repeal section 1110 by implication or make it inapplicable to a false pretense case prosecuted as one of theft.
 
 (People
 
 v.
 
 Carter,
 
 (1933) 131 Cal. App. 177, 183 [21 Pac. (2d) 129] ;
 
 People
 
 v.
 
 Edwards,
 
 (1933) 133 Cal. App. 335, 339 [24 Pac. (2d) 183] ;
 
 People
 
 v.
 
 Curran,
 
 (1938) 24 Cal. App. (2d) 673 [75 Pac. (2d) 1090].)
 

 Since the crime of larceny by fraud, trick or device is also included in the statutory definition of theft and in the charge here, and section 1110 of the Penal Code would not apply thereto
 
 (People
 
 v.
 
 Edwards, supra,
 
 at p. 341), we have considered whether out of the facts in this case such an offense can be constructed. We conclude that it cannot. The evidence in support of the judgment discloses at most only a plain case of lying, unaccompanied by any trick, stratagem, or device.
 

 In a case which has been often cited, the Supreme Court said: “The distinction between larceny and false pretenses sometimes depends on a close analysis of facts and legal principals. It is stated in Harris on Criminal Law (3d ed., p. 194): ‘The most intelligible distinction between false pretenses and larceny has been thus set forth: “In larceny, the owner of the thing has no intention to part with his property therein
 
 to the person taking it,
 
 although he may intend to part with the possession. In false pretenses the owner does intend to part with his property in the money or chattel, but it is obtained from him by fraud,” ’ (The italics are our own.) . . . These authors are here speaking of the intention of the owner with respect to the relation which the person then receiving the goods shall bear to them; that is, the owner’s intention as to the effect which the delivery of the possession shall have on the title. If such delivery is intended to transfer the title, absolutely, there is no larceny.”
 
 (People
 
 v.
 
 Delbos,
 
 (1905) 146 Cal. 734, 736 [81 Pac. 131].) In this ease the charge was larceny only, and there was evidence that the complaining witness had given money to the defendant to be used by defendant in buying a lodging house for the complaining witness from a third person, and that the defendant obtained this money on a false pretense and with the intention of appropriating it to her own use; on which the court held that a ease of larceny appeared. But the court also held that the trial court erred in
 
 *Supp. 778
 
 rejecting defendant’s offer of evidence to show that in fact the complaining witness was buying the lodging house from defendant and the money was delivered to defendant in part payment therefor, and for such error reversed the judgment, saying in that connection, “if the defendant had herself some property interests in the goods sold, and had by means of criminally false and fraudulent pretenses made a sale of that interest to Mrs. Marquet [complaining witness] for an extravagant price and thereupon Mrs. Marquet had delivered the money to Mrs. Delbos [defendant]—-not to be carried to the original seller, Mr. Stalford, but to pa)' upon the price of the sale direct from the defendant to Mrs. Marquet;—the crime might have been that of obtaining money by false pretenses, but it would not have constituted larceny, because in that case there would have been an intention on the part of Mrs. Marquet to transfer the title to her money directly to the defendant,’’ page 737.
 

 In
 
 People
 
 v.
 
 Shearer,
 
 (1927) 83 Cal. App. 321, 331, 332 [256 Pac. 611], the information charged the obtaining of money by a false pretense that the defendant had for sale and could sell a certain cleaning plant. The evidence showed such a false pretense, and that in reliance on it the complaining witness paid money to the defendant, which said witness “regarded as money paid for a purchase thereby effected’’, although it was understood that certain papers were yet to be signed to complete the transaction. The defendant contended that on the facts the crime, if any, was larceny. The court stated the rule that ‘ ‘ If the owner intends to- part with the possession merely, and not to transfer title as well, the crime is larceny; but if title is intended to pass at the time, then the offense is that of obtaining money or property by false pretenses ’ ’, and held that the crime proved was properly charged.
 

 In
 
 People
 
 v.
 
 Leach,
 
 (1930) 106 Cal. App. 442, 463 [290 Pac. 131], where the complaining witness was induced to exchange certain stock for mortgage notes by representations as to the value and character of the property covered by the mortgages securing the notes, the court said, “we are satisfied that if there was a theft it was by false pretenses and not by trick and device. The evidence shows clearly that Mrs. Wiseman intended at the time of transfer to part with both possession and title absolutely and not- for a special purpose, such as to place upon a particular horse in a horse
 
 *Supp. 779
 
 race, to be used as a bribe or similar purposes commonly-found in cases of larceny by trick and device. The intent to part absolutely and unconditionally with both possession and title prevents the transaction from being larceny by trick or device.” Section 1110 of the Penal Code was held applicable to the case.
 

 There are many other eases declaring in substance the rjile which the court succinctly stated in
 
 People
 
 v.
 
 DeGraaff,
 
 (1900) 127 Cal. 676, 679 [60 Pac. 429], as follows: ‘ ‘ Whether the offense was larceny or the obtaining money under false pretenses, depended upon the question of fact whether Mrs. Healy [the victim] intended to part with the title to the money.” (See
 
 People
 
 v.
 
 Raschke,
 
 (1887) 73 Cal. 378, 381 [15 Pac. 13];
 
 People
 
 v.
 
 Tomlinson,
 
 (1894) 102 Cal. 19, 23 [36 Pac. 506] ;
 
 People
 
 v.
 
 Campbell,
 
 (1899) 127 Cal. 278, 281 [59 Pac. 593];
 
 People
 
 v.
 
 Proctor,
 
 (1905) 1 Cal. App. 521, 523 [82 Pac. 551];
 
 People
 
 v.
 
 Arnold,
 
 (1911) 17 Cal. App. 68, 73 [118 Pac. 729] ;
 
 People
 
 v.
 
 Miles,
 
 (1912) 19 Cal. App. 223, 226 [125 Pac. 250];
 
 People
 
 v. Shwartz, (1919) 43 Cal. App. 696, 699 [185 Pac. 686];
 
 People
 
 v.
 
 White,
 
 (1924) 66 Cal. App. 703, 706 [226 Pac. 962] ;
 
 People
 
 v.
 
 Edwards,
 
 (1925) 72 Cal. App. 102, 113 [236 Pac. 944];
 
 People
 
 v.
 
 Peppa,
 
 (1926) 76 Cal. App. 310, 313 [244 Pac. 627] ;
 
 People
 
 v.
 
 Robinson,
 
 (1930) 107 Cal. App. 211, 220 [290 Pac. 470] ;
 
 People
 
 v.
 
 White,
 
 (1932) 124 Cal. App. 548, 553 [12 Pac. (2d) 1078];
 
 People
 
 v.
 
 Edwards,
 
 (1933) 133 Cal. App. 335, 340 [24 Pac. (2d) 183] ;
 
 People
 
 v.
 
 Woolsey,
 
 (1936) 13 Cal. App. (2d) 54, 58 [56 Pac. (2d) 557] ;
 
 People
 
 v.
 
 Curran,
 
 (1938) 24 Cal. App. (2d) 673 [75 Pac. (2d) 1090].)
 

 As is stated in some of the cases above cited, the rule of law regarding the distinction between the two offenses under discussion is clear, but its application to the facts is often difficult. All of these eases adhere to the rule stated. The passing of title referred to in the rule is the complete title to the property; although the defendant obtains at the time possession is delivered to him some special interest or right in money or other property delivered, yet if the victim retains an interest therein, there may be a larceny. Also, if the victim intends title to pass at some time later than the delivery, or upon the fulfillment of some condition not then performed, there may be a larceny. A still more common case is that the victim delivers money or property to the
 
 *Supp. 780
 
 defendant as a loan to enable him' to carry out some special plan, or upon some trust, or for some special purpose, as, to invest it, or to buy property with it. In all these cases the title does not pass to defendant on delivery to him, and if he then takes what is delivered to him with the intention of appropriating it to his own use, there is a larceny. But this case presents no such facts. Here the money was delivered to defendant, according to the record, “in advance, as payment on these fittings”. Tinkle had refused to make a loan to defendant or to finance him in the making of molds for these fittings, but on being told that defendant had made the fittings he bought some and
 
 paid
 
 a part of the price in advance. There was no loan, no plan or purpose in the mind of Tinkle to which he expected the money to be applied. A.payment passes to the payee a present and complete title to the property given in payment. (See 48 Cor. Jur. 631.) If the consideration for which a payment is made is not forthcoming, the payor may rescind and recover what he paid, but that possibility does not alter the original effect of the payment as a transfer of title. The facts here are substantially the same as those which the Supreme Court, in
 
 People
 
 v.
 
 Delbos,
 
 (1905) 146 Cal. 734, 737, 738,
 
 supra,
 
 held the defendant should have been allowed to show as rebutting the charge of larceny. They are also in essence the same as those discussed in
 
 People
 
 v.
 
 Shearer,
 
 (1927) 83 Cal. App. 321, 331, 332,
 
 supra, People
 
 v.
 
 Leach,
 
 (1930) 106 Cal. App. 442, 463,
 
 supra,
 
 and
 
 People
 
 v.
 
 Curran,
 
 (1938) 24 Cal. App. (2d) 673 [75 Pac. (2d) 1090],
 
 supra,
 
 and held in those cases to constitute, not larceny, but false pretenses.
 

 We find nothing inconsistent with our conclusions in
 
 People
 
 v.
 
 Hennessey,
 
 (1927) 201 Cal. 568, 581, 582 [258 Pac. 49], or
 
 People
 
 v.
 
 Kirsch,
 
 (1928) 204 Cal. 599, 602 [269 Pac. 447], In the Hennessey ease the victims did not deliver the money unconditionally to the defendants; there was an understanding that it was to be used for a special purpose, and the Supreme Court had this fact in mind in rendering its decision, as appears from the following language used by it at page 581: ‘ ‘ There can be but little doubt that the investors parted with the possession of their money influenced by the representations that it would be used by the defendants in promoting the enterprise to a conclusion in good faith. The money unlawfully obtained could not have been used for the pur
 
 *Supp. 781
 
 poses for which it was supposedly acquired and as the investors believed that it would be used for the reason that there was nothing upon which it could have been expended.” In the Kirsch case there was in fact no authorized delivery to defendant of the property he was convicted of stealing ; he obtained it by tricking the employees of the owner into letting him have it and the delivery was made in violation of the contract between him and the owner regarding it.
 
 People
 
 v.
 
 Edwards,
 
 (1925) 72 Cal. App. 102, 113,
 
 supra,
 
 was plainly a case where the victim did not intend to pass title to the money, but delivered it to defendant that he might use it for the purpose of bribing certain officers. In
 
 People
 
 v.
 
 Miles,
 
 (1912) 19 Cal. App. 223, 228 [125 Pac. 250], the victim delivered her money to defendant to be invested in stock of a corporation not yet organized, and these facts, the court held, supported a finding that title to the money did not then vest in him, and hence he was properly convicted of larceny.
 
 People
 
 v.
 
 Arnold,
 
 (1912) 20 Cal. App. 35 [127 Pac. 1060], arose from the same transaction as the Miles case, and merely followed it.
 

 The judgment is reversed and the cause is remanded to the Justice’s Court of San Gabriel Township for a new trial.
 

 Bishop, J., and Schauer, J., concurred.