[Crim. No. 5211. In Bank. July 20, 1951.]

THE PEOPLE, Respondent, v. WOODROW NOR WOODS, Appellant.

Woodrow Nor Woods, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Gilbert Harelson and Frank Richards, Deputy Attorneys General, for Respondent.

TRAYNOR, J.—Defendant has appealed from an order denying his motion for a new trial and from the judgment of conviction on two counts of grand theft.

Defendant, a used car dealer, offered to sell a 1949 Ford to the complaining witness, Campouris, in exchange for a 1946 Ford and $1,183.14 in cash. Campouris accepted the offer and delivered his car and a check for the money to defendant on the latter's representation that the title to the 1949 Ford was clear except for a $1,183.14 lien, which defendant promised to discharge with the cash payment. Defendant gave Campouris a bill of sale and in the place provided for liens wrote, "No exceptions will del title as soon as from Sacramento, California." Campouris agreed to give defendant the ownership certificate for the 1946 Ford, when defendant gave him the certificate for the 1949 Ford. At the time of the sale the ownership certificate of the 1946 Ford was in the possession of the Bank of America. The bank had made a loan on the car that had been paid. Defendant sold the 1946 Ford to a third party who was able to secure the ownership certificate from the bank. Actually the lien on the 1949 Ford was greatly in excess of $1,183.14, and defendant did not use that money or the money that he obtained from the sale of the 1946 Ford to discharge it. Approximately a year after the sale to Campouris the finance company repossessed the 1949 Ford. Defendant has not returned to Campouris either the cash or the 1946 Ford.

From the foregoing evidence the jury was justified in finding that defendant, by misrepresenting the condition the title of the 1949 Ford, defrauded Campouris of the price he agreed to pay for that car and was guilty of grand theft. (Pen. Code, §§ 484, 487.)

Defendant contends that the information was defective in failing to specify the kind of grand theft with which he was charged. Penal Code, section 952 provides, however, that "In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another." Accordingly, it was not necessary for the information to allege the particular type of theft involved, such as false pretenses, embezzlement, or larceny by trick and device. (*People* v. *Fewkes,* 214 Cal. 142, 149 [4 P.2d 538].)

Similarly, there was no error in failing to instruct the jury that they must agree upon the method by which the theft was committed. If Campouris intended that only possession of the property should pass at the time of the sale, defendant was guilty of larceny by trick or device, but if Campouris intended that title should pass, defendant was guilty of obtaining property by false pretenses. (*People* v. *Delbos,* 146 Cal. 734, 736 [81 P. 131]; *People* v. *DeGraaff,* 127 Cal. 676, 679 [60 P. 429]; *People* v. *Fawver,* 29 Cal.App. 2d Supp. 775, 777-779 [77 P.2d 325], and cases cited.)

Irrespective of Campouris's intent, however, defendant could be found guilty of theft by one means or another, and since by the verdict the jury determined that he did fraudulently appropriate the property, it is immaterial whether or not they agreed as to the technical pigeonhole into which the theft fell. (*People* v. *Jones,* 61 Cal.App.2d 608, 622-623 [143 P.2d 726]; *People* v. *Caldwell,* 55 Cal.App.2d 238, 256 [130 P.2d 495].)

Defendant contends that at most he was guilty of the commission of one offense. We agree with this contention. It is unnecessary to determine under what circumstances the taking of different property from the same person at different times may constitute one or more thefts. (See *People* v. *Howes,* 99 Cal.App.2d 808, 818-821 [222 P.2d 969], and cases cited.) In the present case both the car and the money were taken at the same time as part of a single transaction whereby defendant defrauded Campouris of the purchase price of the 1949 Ford. There was, accordingly, only one theft, and the fact that the sentences were ordered to run concurrently does not cure the error. (See *People* v. *Kehoe,* 33 Cal.2d 711,

715, 716 [204 P.2d 321]; *cf., People* v. *Slobodion,* 31 Cal.2d 555, 562 [191 P.2d 1].)

In the light of the record, defendant's contentions that the trial was improperly conducted, that his attorney concealed his innocence, and that the case against him was a conspiracy cannot be sustained. By returning a verdict of guilty the jury rejected defendant's version of the transactions, and its determination is binding on appeal.

The order denying the motion for a new trial is affirmed. The judgment is reversed insofar as it adjudges defendant guilty on the second count of grand theft. In all other respects the judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., and Carter, J., concurred.

Schauer, J., concurred in the judgment.

Appellant's petition for a rehearing was denied August 16, 1951.