**UNITED STATES of America,**
**Plaintiff,**

v.

**Boyd BEALL, Defendant.**

**No. 34262.**

United States District Court,
N. D. California, S. D.

Dec. 1, 1954.

**364**

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

Dinkelspiel & Dinkelspiel, Thompson & Thompson and Robert J. Drewes, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Boyd Beall has been charged with the violation of three federal criminal statutes in a twenty count indictment. The first two counts charge him under 18 U.S.C. § 1001 with making false statements to post office inspectors in a matter within the jurisdiction of the Post Office Department; counts three, four and five charge him with embezzlement under Section 504 of the California Penal Code, constituting a federal offense under the Assimilative Crimes Act, 18 U.S.C. § 13; counts six through twenty charge him with using the mails to defraud under 18 U.S.C. § 1341.

Defendant moves to dismiss counts one and two which charge defendant under 18 U.S.C. § 1001. That section provides;

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, * * * shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Count one charges defendant with falsely stating to post office inspectors the amount of funds he had received on . behalf of the Infantile Paralysis Foundation, and count two charges defendant with falsely stating that he had turned over some of the funds he had received to another officer of the Foundation. Defendant bases his motion to dismiss these two counts on the theory that if no mail fraud offense was committed, then any false statements to the post office inspectors were not made in a matter within the jurisdiction of the Post Office Department. This contention might seem to have some support in the case of United States v. Moore, 5 Cir., 185 F.2d 92, which held that an inquiry made by an agency for the purpose of determining whether it has jurisdiction, is not a matter within the jurisdiction of that agency in the meaning of Section 1001. But that argument overlooks the allegations of embezzlement, which constitute a federal offense under the Assimilative Crimes Act, 18 U.S.C. § 13. It is undeniably true that the Post Office Department has jurisdiction to investigate the commission of acts on Post Office Department property which constitute a federal offense under the Assimilative Crimes Act, and therefore it is immaterial whether those acts also amounted to mail fraud or not. As noted above, counts one and two charge the defendant with making false statements with regard to the amount and disposition of the funds he received on behalf of the Infantile Paralysis Foundation, and therefore these statements bear upon the alleged embezzlement of some of those funds. Since the alleged embezzlement constituted a federal offense, the matter under investigation was within the jurisdiction of the Post Office Department, and defendant's contention in this regard is without merit.

Defendant moves to dismiss counts six through twenty of the indictment on the ground that they do not allege facts sufficient to constitute an offense under 18 U.S.C. § 1341. That section provides:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, * * * for the purpose of executing such scheme or artifice or attempting so to do,

places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

Counts six through twenty are identical in form, each charging the same offense with regard to a different letter. Count six is typical. It charges that defendant was treasurer of the Monterey County Chapter of the National Foundation for Infantile Paralysis; that he devised a scheme and artifice to defraud that organization by converting to his own use some of the cash that came into his hands in the form of contributions to that organization; that for the purpose of executing that scheme and artifice defendant "caused to be taken and received from the mails" a letter addressed to himself. Obviously the scheme and artifice referred to is nothing more than a plan to embezzle funds that came rightfully into the defendant's possession by virtue of his position as treasurer of the local chapter of the Infantile Paralysis Foundation. The question presented is this: in the common case of an individual who embezzles funds that are in his possession and control, does the mail fraud statute apply merely because some or all of the funds so embezzled were received in the usual course of that person's duties through the mail? In the opinion of this Court the mail fraud statute does not apply, and was not meant to apply to that situation.

The wrongful acts described in the indictment clearly constitute embezzlement—in fact the Government charges defendant with embezzlement in counts three, four and five. Therefore it was lawful for defendant to take and receive from the mails funds sent to him in his capacity as treasurer of the local chapter of the Infantile Paralysis Foundation. The wrongful acts did not occur until defendant allegedly converted some of those funds to his own use.

It is well settled that if an indictment shows that the mails were used after completion of a fraudulent scheme, the federal courts have no jurisdiction under the mail fraud statute. This rule is stated in Bauman v. United States, 5 Cir., 156 F.2d 534, 537, as follows:

> "If an indictment shows *on its face* that the mailing of the check was after the fruition and completion of the fraudulent scheme, a federal court would be without jurisdiction of the offense." (Emphasis theirs.)

The rule is the same in the Ninth Circuit. In Marshall v. United States, 9 Cir., 146 F.2d 618, 620, the Court of Appeals said:

> "There is no question that the use of the mails after a scheme to defraud has been completed is not a use for the purpose of executing the scheme and therefore that in such a case there can be no offense under [the mail fraud statute]."

The situation described in the indictment before this Court is the reverse side of the coin; that is, the fraudulent scheme or acts did not begin until after the use of the mails was complete. The use of the mails before beginning to carry out a scheme to defraud is not a use for the purpose of executing the scheme, any more than is the use of the mails after a scheme to defraud has been completed. The conclusion is inescapable that the alleged scheme to defraud is simply a plan to embezzle. Defendant is not charged with the embezzlement of mail matter, but with the embezzlement of funds of the Infantile Paralysis Foundation. This presupposes that the funds came into defendant's possession rightfully, and therefore the embezzlement (the scheme to defraud) took place after the use of the mails was complete.

The Government contends that the plan to embezzle included the use of

the mails because it is alleged that the defendant had formed an intent to embezzle before funds were mailed to him. Under this line of reasoning the alleged conversion of funds could constitute larceny rather than embezzlement, and thus it could be said that the funds did not come into defendant's hands lawfully; but this argument overlooks the fact that those who sent money intended to part with all title to it, and therefore the conversion of such money would be embezzlement, not larceny. See People v. Beilfuss, 59 Cal.App.2d 83, 91, 138 P.2d 332; People v. Fawver, 29 Cal.App.Supp.2d 775, 779–780, 77 P.2d 325. However, the intent of the sender is immaterial; the controlling factor is that the funds were received through the mails by an organization engaged in a perfectly lawful enterprise.

 The use of the mails here was for a lawful purpose; that is, the fund raising compaign of the Infantile Paralysis Foundation. The facts alleged in the indictment are a far cry from the typical mail fraud case in which false representations are sent by mail or the proceeds of a fraudulent scheme are received through the mails. The funds sent to the defendant during the fund raising campaign could hardly be considered the proceeds of a fraudulent scheme until they were converted by the defendant to his own use. It is significant to note that no precedent has been found in the reports for a mail fraud indictment based upon the embezzlement of funds properly received through the mails. In fact an indictment for *receiving* mail in furtherance of a scheme to defraud is almost unprecedented. Research has produced only one such case: Trent v. United States, 8 Cir., 228 F. 648, in which the defendant instigated or caused the mailing of the letter which he received. In the case at bar there is no allegation that defendant in any way caused the mailing of the letters he received. The funds were simply sent in response to a nation-wide appeal for contributions to the Infantile Paralysis Foundation. It is the opinion of this Court that the mail fraud statute was not meant to ap-

ply to persons who violate a position of trust and confidence by embezzling funds that come into their hands directed to organizations lawfully entitled to receive those funds through the mails, whether they be bank clerks, or receivers of charitable contributions, or others similarly situated.

■ The basic difficulty with counts six through twenty is that they represent an attempt to describe as a federal offense acts which clearly constitute a breach of the laws of a state. This Court will follow the policy of the Supreme Court set forth in Kann v. United States, 323 U.S. 88, 95, 65 S.Ct. 148, 151, 89 L.Ed. 88:

"The federal mail fraud statute does not purport to reach all frauds, but only those limited instances in which the use of the mails is a part of the execution of the fraud, leaving all other cases to be dealt with by appropriate state law."

Therefore counts six through twenty fail to state an offense under the mail fraud statute.

It is ordered that Boyd Beall's motion to dismiss be denied as to counts one and two, and be granted as to counts six through twenty; and that counts six through twenty be, and the same are hereby dismissed.